**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                                        Criminal No. 11-cr-061-02-PB

<u>Domingo Hernandez</u>

**<u>ORDER OF DETENTION PENDING TRIAL</u>**

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on May 9, 2011, for the purpose of determining whether to detain the defendant. The court issued its detention order orally from the bench. This written order summarizes the court's findings and rulings.

**Legal Standards**

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2). <u>United States v. Ploof</u>, 851 F.2d 7, 10 (1st Cir. 1988). In this case, the government invokes § 3142(f)(1)(c), asserting that a detention hearing is warranted because the defendant is charged with drug offenses that carry maximum sentences of ten or more years.

In this case, the defendant is charged by indictment with the crime of conspiracy to possess with intent to distribute and to unlawfully distribute at least 28 grams or more of cocaine base "crack" in violation of 21 U.S.C. §§ 846; 841(a)(1); and 841(b)(1)(B)(iii).  That charge satisfies the parameters of § 3142(f)(1)(c), and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness") 18 U.S.C. § 3142(f); <u>United States v. Patriarca</u>, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that

no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community.  Patriarca, 948 F.2d at 793.  For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

In specific instances, delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community.  Among the instances where a presumption arises is the situation where

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . .

18 U.S.C. § 3142(e)(3)(A).  Once the presumption is invoked, the defendant need only produce "some evidence" to rebut it.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  "When a defendant produces such evidence, however, the presumption does not disappear. The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight."  Dillon, 938 F.2d at 1416.

**Findings and Rulings**

In the instant case, the court finds probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  Thus, § 3142(e)'s rebuttable presumption that "no condition or combination of conditions will reasonably assure [the defendant's] appearance . . . and the safety of the community" is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

For the reasons stated on the record and summarized below, and after considering the proffers of counsel and the factors set forth in 18 U.S.C. § 3142(g), the court finds that the government has met its burden of persuading the court that the defendant's release, even on strict conditions, presents both a risk of flight and danger to the community.

Specifically, the court considered the following factors:

- Weight of evidence.  The weight of the evidence in this case is overwhelming.  The evidence includes an undercover agent making direct, face-to-face, contact

4

   with defendant during numerous drug transactions, and a
   full confession from defendant after his arrest.

- <u>Nature of crime charged</u>.  The nature of the crime, conspiring to sell controlled drugs, is serious and inherently dangerous.

- <u>Circumstances of arrest</u>.  After knocking at the door of defendant's residence and identifying themselves as police, defendant remained in the residence behind a home-made, plywood barricade that blocked police entry. The police had to break the barricade to get inside defendant's residence.  Once inside, the police found, at defendant's girlfriend's direction, 50 grams of cocaine hidden in the ceiling of defendant's residence.

- <u>Ties to the community</u>.  Defendant is a Dominican Republic national who has been a legal resident of the United States since 2004.  The defendant has resided at his current address, in Lowell, Massachusetts, for only six months. Defendant has ties to Syracuse, New York, where his brother resides and where defendant lived for two years. Defendant also has ties to Puerto Rico, where he lived for six years before moving to Syracuse.

- <u>Employment history</u>.  Defendant has been unemployed for approximately two years.  Yet, he was able to purchase a new car in March 2010.

- <u>Family ties</u>.  Defendant has family ties in Lowell, Massachusetts (his mother and two younger brothers), but also has strong ties to his father, who resides in the Dominican Republic -- having been deported in January 2011 for drug-related convictions.  The evidence showed that defendant speaks to his father once per week and traveled to the Dominican Republic as recently as January 2009.

- <u>Incentive to flee</u>.  If convicted, defendant faces a significant prison sentence (mandatory minimum of five years) and the likelihood of deportation.  The weight of the evidence and drastic consequences of a conviction coupled with defendant's ties to the Dominican Republic provide powerful incentives for him to flee.

Thus, for all of these reasons, the court finds that the government, aided by the presumption, has met its burden to prove that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: May 10, 2011

cc: Sven D. Wiberg, Esq.
    Jennifer C. Davis, Esq.
    U.S. Marshal
    U.S. Probation